Appellate Department, Superior Court, San Bernardino

[Civ. A. No. 9. Oct. 26, 1953.]

W. F. O'DONNELL et al., Respondents, v. A. T. KENNEDY
et al., Appellants.

Harold Payne for Appellants.

C. P. Monningh for Respondents.

MITCHELL, J.— On January 15, 1947, the appellants gave to Letha O. Perry a promissory note for the sum of $1,000. This note was secured by a deed of trust.

On January 30, 1948, appellants satisfied the Perry note with money borrowed from respondents.

As evidence of this loan appellants gave to respondents their promissory note for $1,000.

This note was secured by a mortgage on certain real property.

This note was reduced to the sum of $500 by October, 1949, at which time the property described in the mortgage was conveyed to H. D. Downer.

In the meantime, on April 12, 1949, respondents loaned appellants an additional $640; and took from appellants a note for $1,000.

When appellants, on October 6, 1949, sold the real property to H. D. Downer the consideration therefor was the assumption by the purchasers of appellants' indebtedness to respondents, i.e.

1. Unpaid balance on note of June 30, 1948,
 secured by mortgage on the property
 conveyed ...............................$ 500.00
2. Unpaid balance on note of April 12, 1949.... 1,000.00

A total of ...................................$1,500.00

Downer not only assumed this indebtedness but agreed with respondents to pay it; and executed and delivered to respondents his promissory note therefor, plus an additional $300, borrowed by him from respondents.

This note for $1,800 was secured by a deed of trust on the same real property.

Appellants demanded the return of the notes executed by them; but the note of April 12, 1949, was not returned.

Respondents brought suit against appellants on the April 12, 1949, note.

Appellants pleaded two defenses:

1. That the note was usurious and void;
2. Extinction and discharge.

Since the obligation on this note of April 12, 1949, has been extinguished by the substitution of the new obligation therefor we need not pass upon the first defense.

The judgment is reversed.

Findlay, J., and Coughlin, J., concurred.